NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ALYSIA M., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, R.M., *Appellees*.

No. 1 CA-JV 16-0140
FILED 11-1-2016

---

Appeal from the Superior Court in Maricopa County
No. JD 27766
The Honorable William R. Wingard, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Gates Law Firm, LLC, Buckeye
By S. Marie Gates
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Amber E. Pershon
*Counsel for Appellee, Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**O R O Z C O**, Judge:

¶1        Alysia M. (Mother) appeals the court's termination of her parental rights to her daughter, R.M.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In February 2014, Arizona Department of Child Safety (DCS) initiated dependency proceedings as to Mother, alleging Mother's substance abuse and mental illness resulted in the abuse or neglect of R.M. R.M. was found dependent as to Mother after Mother waived her right to contest the dependency allegations.  DCS filed a severance action in January 2015, alleging as grounds for termination that Mother's chronic drug abuse rendered her unable to discharge her parental duties and length of time in out of home placement.[1]

¶3        After a contested severance hearing, the court took the matter under advisement and terminated Mother's rights due to drug abuse and length of time in out of home placement.  Mother timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 8-235.A, 12-120.21.A.1 and -2101.A (West 2016).[2]

## DISCUSSION

¶4        Mother argues the court erred in terminating her rights on the grounds of substance abuse.  Specifically, she claims the court's finding that she is "unable to discharge her parental responsibilities" due to substance abuse is "not supported by substantial evidence in the record."  According

---

[1]        The court terminated R.M.'s father's rights in April 2016, but he is not party to this appeal.

[2]        We cite to the current version of applicable statutes absent any change material to this decision.

to Mother, "she is able to parent her child[,]" "despite the evidence presented at trial." Mother further contends that severance is not in R.M.'s best interests because "[t]he child is bonded to [M]other and [M]other is bonded to the child" and the "long term, detrimental effect" of severance on R.M. is unknown.

**¶5**        A parent-child relationship may be terminated when a court finds at least one of the statutory grounds for severance and determines that severance is in the child's best interests. A.R.S. § 8-533.B; *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004). We review a court's severance determination for an abuse of discretion, adopting its findings of fact unless clearly erroneous. *Id.* A court's disposition will be upheld unless there is no evidence to sustain it. *Id.* We do not reweigh the evidence on appeal. *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002).

**¶6**        Under A.R.S. § 8-533.B.3, a parent's rights can be terminated when the parent has a history of chronic drug abuse, resulting in an inability to discharge parental responsibilities. Severance on this basis is appropriate when the court also finds "there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 377, ¶ 15 (App. 2010). We review issues requiring the statutory application of A.R.S. § 8-533 de novo. *Mary Lou C.*, 207 Ariz. at 47, ¶ 9.

## I.        Grounds for Severance

### A.        History of Chronic Drug Abuse

**¶7**        Mother does not dispute nor point to any evidence suggesting she does not have a history of chronic drug abuse. Mother admitted to ongoing marijuana use throughout the proceedings, and admitted that her marijuana use began after high school.

### B.        Inability to Discharge Parental Responsibilities

**¶8**        When determining whether a parent can discharge parental responsibilities, the court must consider how the substance abuse hinders the parent's ability to effectively parent. *Raymond F.*, 224 Ariz. at 377-78, ¶ 29. In making this finding, the court has flexibility to consider the circumstances of each case. *Id.* at 378, ¶ 20.

**¶9**        At the severance hearing, a psychologist who evaluated Mother in late 2014 testified Mother denied any substance abuse problem,

but admitted to marijuana use that was reportedly by prescription. The psychologist diagnosed Mother with an "unspecified cannabis-related disorder" because a marijuana possession charge "signif[ied] the possibility or the circumstance of abuse." He further opined that he believed Mother's marijuana use could interfere with her ability to parent R.M.

¶10 The psychologist also recommended Mother obtain substance abuse treatment and participate in random drug testing. He opined that, unless Mother resolved her substance abuse issue, she would remain unable to discharge her parental responsibilities in the future. At the severance hearing, the psychologist concluded that, due to her substance abuse, it was probable Mother would remain unable to properly care for R.M.

¶11 The State also presented evidence Mother was stopped while driving with R.M. on suspicion of operating a stolen vehicle in August 2013. At the time she was stopped, Mother had an outstanding warrant. In addition to R.M., a usable amount of marijuana was observed in the vehicle. Less than six months later, Mother again encountered law enforcement when she was arrested following a domestic violence dispute. According to the report entered into evidence, Mother admitted she assaulted a male victim. After Mother's arrest, her assault victim notified police that R.M. remained in the residence, unsupervised. Law enforcement located R.M. in plain view of and in close proximity to drug paraphernalia. At the severance trial Mother admitted she had been arrested "approximately five times;" most recently in November 2014 for a probation violation.

¶12 The court found the psychologist's testimony credible, and in addition to the evidence presented at trial, concluded that Mother was unable to discharge her parental responsibilities due to substance abuse.

C.    Reasonable Belief Chronic Substance Abuse Will Continue

¶13 Evidence sufficient to support a finding that a substance abuse issue will continue may include the parent's history of use and failure to complete or engage in offered services. *Raymond F.,* 224 Ariz. at 378-79, ¶¶ 26-27. A parent's failure to abstain from substances despite a pending severance "is evidence [the parent] has not overcome [the] dependence on drugs." *Id*. at 379, ¶ 29.

¶14 The DCS case manager testified Mother failed to consistently participate in substance abuse testing and Mother did not dispute her lack of consistent participation. Mother also admitted she did not complete the recommended treatment offered and she continued to use marijuana

throughout the dependency proceedings. She admitted she was aware she needed to cease her marijuana use in order to regain custody of R.M., but failed to take any actions to do so. Mother's evaluating psychologist explained that Mother's lack of progress in treatment suggested her substance abuse problem would persist for "a prolonged and indeterminate period of time." Consequently, the court correctly concluded "there is a reasonable belief that [M]other's chronic use will continue for a prolonged and indeterminate period of time."

¶15 Because we accept the court's findings of fact unless clearly erroneous, we find the court did not err in severing Mother's rights to R.M. pursuant to A.R.S. § 8-533.B.2. *See Matter of Appeal in Maricopa Cty. Juv. Act. No. JS-501568*, 177 Ariz. 571, 576 (App. 1994). Additionally, because clear and convincing evidence supports severance on the grounds of substance abuse, we need not address Mother's severance based on time-in-care. *See Jesus M.*, 203 Ariz. at 280, ¶ 3.

## II. Best Interests Determination

¶16 A court's best interests determination must consider whether the child would benefit from termination or, in the alternative, whether continuation of the parent-child relationship would be harmful. *Mary Lou C.*, 207 Ariz. at 50, ¶ 19.

¶17 At the time of severance, R.M. was placed in a licensed foster home that met her needs. The DCS case manager testified R.M.'s placement was willing to adopt her and that termination would provide her permanency and stability. Additionally, the case manager opined R.M. suffered as a result of the ongoing relationship with Mother, because R.M.'s tantrums escalated following her visits with Mother.

¶18 The court concluded that Mother exhibited behaviors showing a lack of stability, and that it appeared unlikely she would be able to resolve these behaviors in the near future. Because R.M.'s current placement meets her needs, she is adoptable, and it is likely R.M. would be harmed by the continuation of the parent relationship with Mother, the court found severance was in R.M.'s best interests. With substantial evidence in the record to support such a finding, the court did not err in determining severance was in R.M.'s best interests.

## CONCLUSION

**¶19** For the foregoing reasons, we affirm the court's severance of Mother's rights to R.M.



AMY M. WOOD • Clerk of the Court
FILED: AA